USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2272 UNITED STATES OF AMERICA, Appellee, v. PAUL DIMEO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ John A. Ciraldo, with whom Perkins, Thompson, Hinckley & Keddy ________________ ____________________________________ was on brief for appellant. Michael M. DuBose, Assistant United States Attorney, with whom __________________ Jay P. McCloskey, United States Attorney, was on brief for appellee. ________________ ____________________ July 7, 1994 ____________________ CYR, Circuit Judge. After the district court, acting CYR, Circuit Judge _____________ sua sponte, reduced its original sentence in response to a recent ___ ______ amendment to the Sentencing Guidelines, see United States Sen- ___ tencing Commission, Guidelines Manual, 2D1.1, comment. ___________________ (backg'd.) (Nov. 1993), defendant Paul Dimeo appealed the revised sentence on the ground that the district court erred in not reducing the prison term below the minimum mandated by statute. Finding no error, we affirm. Appellant Dimeo pled guilty to conspiring to distribute more than one gram of lysergic acid diethylamide ("LSD"). See 21 ___ U.S.C. 841(a)(1) and 846. For purposes of determining both the statutory mandatory minimum sentence ("MMS"), see 21 U.S.C. ___ 841(b)(1)(B)(v) (prescribing five-year MMS for distributing "1 gram or more of a mixture or substance containing a detectable amount of [LSD]"), and the applicable Guideline sentencing range ("GSR"), see U.S.S.G. 2D1.1(c) (Nov. 1991),1 the district ___ court included the entire weight of the paper carrier medium used in distributing the 900 LSD doses. See Chapman v. United States, ___ _______ _____________ 500 U.S. 453 (1991) (construing "mixture or substance," in 21 U.S.C. 841(b), as "requir[ing] the weight of the carrier medium to be included"). The 63-month prison term originally imposed under the Guidelines (BOL: 26; CHC: I; GSR: 63-78 months) trumped the five-year MMS under 21 U.S.C. 841(b)(1)(B)(v) for ____________________ 1See United States v. Dimeo, 753 F. Supp. 23, 26 (D. Me. ___ ______________ _____ 1990), aff'd, 946 F.2d 880 (1st Cir. 1991) (table). _____ 2 distributing one gram or more of LSD. See U.S.S.G. 5G1.1(c). ___ Effective November 1, 1993, however, the Sentencing Commission amended U.S.S.G. 2D1.1, see 28 U.S.C. 944(p), by ___ prescribing a less stringent (0.4 milligram per-dose) formula for calculating LSD quantity than the regime previously upheld in Chapman. See U.S.S.G. 2D1.1, comment. (backg'd.) (Nov. 1993) _______ ___ (hereinafter, "Amendment 488"). As the Commission provided that Amendment 488 may be given retroactive effect consistent with 18 U.S.C. 3582(c)(2),2 see United States v. Boot, F.3d , ___ _____________ ____ ___ ____ _ (1st Cir. 1994) [No. 93-2317, slip op. at 3-4 (1st Cir. June 7, 1994)], the district court later reduced the LSD quantity for Guidelines sentencing purposes from 6.25 grams to 0.36 of a gram, and the GSR to 21-27 months, but did not reduce Dimeo's sentence below the five-year MMS, and Dimeo appealed.3 ____________________ 2Section 3582(c)(2) provides that the district court, on its own motion, may reduce a sentence imposed under the Sentencing ___ Guidelines if "such a reduction is consistent with applicable __ policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(2). 3On November 1, 1993, the United States Probation Office recommended a reduction in Dimeo's guideline sentence pursuant to Amendment 488 but advised against any reduction in the five-year MMS. The district court received no input from the parties and conducted no hearing. Dimeo's former counsel, even though not reappointed until after the district court had entered its ___________ revised sentence on November 15, 1993, nevertheless alertly contacted the clerk of the district court on October 27, 1993, inquiring as to the procedure for resolving issues relating to any reduction in Dimeo's sentence. For whatever reason, the record on appeal reflects no written or oral presentation from Dimeo in the district court either before or after the sentence reduction. Thus, the claims Dimeo asserts on appeal were never presented to the district court, and are deemed waived. United ______ States v. Elwell, 984 F.2d 1289, 1298 (1st Cir.) (claims not ______ ______ 3 On appeal, Dimeo claims for the first time that by permitting Amendment 488 to take effect Congress signaled its intention that LSD weight be calculated under a unitary method for both GSR and MMS purposes, thereby implicitly overruling Chapman.4 Further, also for the first time, Dimeo asserts a _______ constitutional challenge to the coexistence of these two diver- gent regimes for determining LSD quantity, as violative of due process and equal protection. Even if these claims were not deemed waived in the district court for failure to raise them either before or after entry of the revised judgment, see supra ___ _____ note 3, they fail for other reasons. A sentence reduction pursuant to Amendment 488 is expressly conditioned on conformance with 18 U.S.C. 3582(c)(2), which confers no power on the district court to reduce a minimum sentence mandated by statute. Furthermore, as discussed in Boot, ____ slip op. at 7, a MMS reduction would exceed the power conferred upon the district court under 18 U.S.C. 3582(c)(2), see supra ___ _____ ____________________ raised in district court are waived), cert. denied, 113 S. Ct. _____ ______ 2429 (1993). 4This claim is foreclosed by our recent decision in Boot, ____ slip op. at 7. We note, further, that the constitutional chal- lenge belatedly asserted by appellant may entail considerable risk. Chapman conclusively establishes the constitutionality of _______ the "mixture or substance" methodology for MMS purposes. Id. ___ Were a court to conclude that the "mixture or substance" method- ology and the 0.4 milligram per-dose formula cannot coexist constitutionally, it seems virtually certain that Amendment 488, rather than the "mixture or substance" methodology upheld in Chapman, would be struck down, and with it the Guidelines sen- _______ tence reduction. But see infra at pp. 4-5. ___ ___ _____ 4 note 2, since it would be inconsistent with the Sentencing Commission policy statement accompanying Amendment 488: "None- theless, this [new Guidelines] approach does not override the applicability of 'mixture or substance' for the purpose of applying any mandatory minimum sentence (see Chapman; 5G1.1(b)- ___ _______ )." U.S.S.G. 2D1.1, comment. (backg'd.). See also Boot, slip ___ ____ ____ op. at 7. Affirmed. Affirmed. ________ 5